UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRIE M. LARKIN, SR.,

    Plaintiff,

    v.

REEVE, J. WALDON, and LOTT,

    Defendants.

CAUSE NO. 3:21-CV-325-JD-MGG

OPINION AND ORDER

Larrie M. Larkin, Sr., a prisoner without a lawyer, filed a complaint.[1] ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Larkin alleges that on April 8, 2021, he was being escorted by Officer Reeve and Lieutenant Lott back to his cell after taking a shower when he was assaulted with urine

---

[1] Larkin was granted leave to proceed in forma pauperis and assessed an initial partial filing fee of $46.76, ECF 5, but has not made a payment. However, his filings in this case, ECF 6, 8 and 9, and in another case before this court, No. 3:21-cv-288, demonstrate that he has been diligent in his attempts to have the prison remit the fee from his prison trust account. Therefore, the court will proceed to screen the case, while reminding Larkin that his obligation to pay the filing fee in this case remains, and the prison will automatically deduct installment payments from his account as outlined in the order granting him leave to proceed in forma pauperis.

from an unknown prisoner. ECF 1 at ¶ 1. Neither Officer Reeve nor Lieutenant Lott allowed Larkin to clean himself, and he was forced to sit in his cell covered in someone else's urine until he could shower the next day. *Id.* at ¶¶ 2, 8.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *see also Norfleet v. Stroger*, 297 F. App'x 538, 540 (7th Cir. 2008) (noting the caution courts use when examining cases regarding exposure to human waste). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834.

Here, it is possible that Larkin had the ability to clean himself in his cell, which would cut against a finding of deliberate indifference. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (noting the combination of unhygienic conditions *and* failure to provide inmates a way to clean states a claim). But at the pleading stage, Larkin has plausibly alleged an Eighth Amendment claim against Officer Reeve and Lieutenant

2

Lott for not allowing him to clean himself after he was covered in another offender's urine.

Larkin further alleges that Lieutenant Lott, Officer Reeve, and Grievance Officer J. Waldon failed to protect him from future attacks by not separating him from the offender who attacked him. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). However, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Here, Larkin has not given any indication of an ongoing threat that would alert prison officials that he was still in danger from the offender. General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). There is nothing in the complaint to suggest this was a targeted attack or that Larkin is at specific risk of being attacked again.

Finally, to the extent Larkin alleges Officer Walden should be held liable for not adequately investigating the grievances he filed, this does not state a claim. Inmates have no general right to have constitutional violations investigated after the fact. *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). At the

3

time of an investigation, the alleged violation has already occurred. "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS Larrie M. Larkin, Sr., leave to proceed against Lieutenant Lott and Officer Reeve in their individual capacities for compensatory and punitive damages for not allowing him to clean himself after being assaulted with another prisoner's urine on April 8, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. Waldon;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lieutenant Lott and Officer Reeve at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lieutenant Lott and Officer Reeve to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 23, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5