UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRIE M. LARKIN, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-325-JD-MGG |
| REEVE and LOTT, | |
| Defendants. | |

OPINION AND ORDER

Larrie M. Larkin, Sr., a prisoner without a lawyer, is proceeding in this case "against Lieutenant Lott and Officer Reeve in their individual capacities for compensatory and punitive damages for not allowing him to clean himself after being assaulted with another prisoner's urine on April 8, 2021, in violation of the Eighth Amendment[.]" ECF 10 at 4. Lt. Lott and Officer Reeve filed a motion for summary judgment, arguing Larkin did not exhaust his administrative remedies before filing suit. ECF 25. Larkin filed a response, and the defendants filed a reply. ECF 29, 31. The court then granted Larkin until June 1, 2022, to file an amended response, and cautioned him that if he did not file a response by the deadline the summary judgment motion would be decided based on only his original response. ECF 33. Larkin did not file an amended response. Thus, the court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

The defendants provide evidence showing the following: The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 25-2 at 3. On April 14, 2021, Larkin submitted Grievance 126697, complaining of the defendants' alleged conduct. ECF 25-4 at 2. On July 20, 2021, the grievance office denied Grievance 126697 on the merits. *Id.* at 1. Larkin's grievance records indicate he never appealed the grievance office's denial of Grievance 126697. *Id.*; ECF 25-1 at 5-6. Thus, the defendants have provided evidence Larkin did not fully exhaust Grievance 126697.

In his response, Larkin concedes he did not fully exhaust Grievance 126697. The court therefore accepts that as undisputed. Instead, Larkin argues his administrative remedies were unavailable because he was prevented from appealing the grievance office's denial of Grievance 126697. ECF 29 at 1. Specifically, Larkin argues he submitted a Level I appeal to the warden via a correctional officer, but was "days later informed" by the grievance office that "it did not make it there[.]" By that point, the time for him to appeal had expired. *Id.* In their reply, the defendants argue that, even assuming Larkin submitted a Level I appeal which never made it to the warden, he still had available administrative remedies he did not exhaust. ECF 31 at 2.

Here, the Offender Grievance Process provides that, if an offender submits a Level I appeal to the warden and receives no response within ten business days, he may submit a Level II appeal to the Department Grievance Manager as if his Level I appeal had been denied. ECF 25-2 at 13. It is undisputed the warden never responded to

3

Larkin's Level I appeal. Thus, the Offender Grievance Process permitted Larkin to submit a Level II appeal to the Department Grievance Manager after ten business days, which was a necessary step to exhaust Grievance 126697. *See* ECF 25-2 at 3. Accordingly, because the undisputed facts show Larkin had available administrative remedies he did not exhaust, Larkin has not shown his administrative remedies were unavailable.

In summary, the defendants have provided undisputed evidence Larkin did not fully exhaust Grievance 126697, and Larkin has not shown he filed any other relevant grievance or his administrative remedies were unavailable. The defendants have therefore met their burden to show Larkin did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 25); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Larrie M. Larkin, Sr., and to close this case.

SO ORDERED on September 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT